JOHN P. MARTIN, Appellant, v. ROBERT J. HURLEY, Respondent.

**Kansas City Court of Appeals, June 11, 1900.**

1. **Partnership: CONTRACT OF DISSOLUTION.** A contract dissolving a partnership is reviewed and construed.

2. ——: ——: CONVEYANCE OF REAL ESTATE: PREMATURE SUIT. A contract dissolving a partnership provided that plaintiff should convey his interest in the realty upon the completion of inventory: Held, that plaintiff in a subsequent suit to recover his part of the partnership property in the hands of the defendant must allege and prove that he had tendered a sufficient deed to the defendant, and, in the absence of such tender, the suit was premature.

3. ——: ——: TENDER OF DEED: RELIEF: PROFITS. On the facts in the record: Held, that under the contract plaintiff would be entitled to relief in a timely suit. Profits are the net amount of gains after deducting losses and proper expenses.

4. ——: EQUITY: RECEIVER. Where the members of a dissolved firm can not agree as to the collection of its debt, a court of equity may appoint a receiver for that purpose.

Appeal from the Henry Circuit Court.—*Hon. W. W. Graves,* Judge.

AFFIRMED.

*C. A. Calvird* and *Campbell & Duckworth* for appellant.

(1) The court erred in its construction of the contract offered in evidence. The word "profits" has a fixed and definite meaning, and as used in contracts means the net amount after deducting all losses, and any proper expense incident to the business. Story on Partnership, sec. 23; Lindley on Partnership, sec. 15; Rubber Co. v. Goodyear,

9 Wall (U. S.) 988; Jones v. Davidson, 2 Sneed (Tenn.) 452; Freeman v. Freeman, 142 Mass. 102; Fuller v. Miller, 105 Mass. 103; Wallace v. Bebee, 12 Allen (Mass.) 354; Connelly v. Davidson, 15 Minn. 519; Eyester v. Board of Finance, 94 U. S. 822; Anderson's Law Dict., pp. 821 and 822; Hazelton v. Railroad, 1 Am. Rep. 330.

*John H. Lucas* for respondent.

(1) The contract is plain and unambiguous and needs not the assistance of rules of construction to determine the meaning thereof. (2) It will be observed that the contract provided for an immediate inventory and payment of the amount found to be due the appellant from the respondent for the real estate and lumber, after deducting $130 and any and all profits from the business for the year 1898. What other profits could have been in the minds of the parties to this controversy except such as was shown by the books of the firm? The prime rule for the construction of contracts is that the interest of the parties as disclosed by their language be given effect. Redheffer v. Leathe, 15 Mo. App. 12; Knapp v. Publishers, 127 Mo. 53; Ellis v. Harrison, 104 Mo. 270; Union Depot Co. v. Railroad, 113 Mo. 213. (3) A recovery can not be had in an action brought on a cause of action not due at the time. Heard v. Ritchey, 112 Mo. 516.

SMITH, P. J.—Suit in equity. The allegations of the petition were as follows:

1. That on the seventeenth of September, 1898, the plaintiff and defendant entered into a certain contract which recited that the co-partnership entered into between them on the 5th day of August, 1895, was on August 5, 1898, dissolved. 2. That by the terms of the said first referred

to contract, the plaintiff sold all his interest in the partnership property, real and personal, to the defendant. 3. That the real estate was to be inventoried at the value shown by the books of the partnership and the lumber at the prices named in certain designated price lists, and other personal property at invoice prices. 4. That the sum of one hundred and thirty dollars and the profits of the partnership for the year 1898 were to be deducted from the inventory value of the plaintiff's one-half interest in said partnership realty. 5. That on completion of the inventory the plaintiff was to convey to defendant, by a warranty deed, his interest in the partnership realty. 6. That all the debts of the co-partnership were to be discharged by said defendant. 7. That after the several deductions hereinbefore specified were made, the defendant was to pay the plaintiff one-half of the balance remaining. 8. That the notes and accounts of the partnership were to be collected and divided equally between plaintiff and defendant, after deducting eighty-three dollars and thirty-three cents, to be paid plaintiff for his one month's service to be rendered in collecting said notes and accounts. 9. That after the expiration of thirty days the partnership notes and accounts remaining uncollected were to be turned over to either plaintiff or defendant, or to an attorney to be agreed on.

There were also other allegations to the effect that pursuant to the terms of said contract plaintiff and defendant made an inventory of all of said partnership property, and that plaintiff turned over to defendant the possession of his one-half interest therein; that the defendant had paid plaintiff for his one-half interest in said personal property; that the one-half value of said partnership realty, according to the inventory so made, was twenty hundred and seventy-one dollars and sixty-five cents, and that notwithstanding the plaintiff had tendered the defendant a good and sufficient

warranty deed for his one-half interest in said real estate, and demanded payment for the amount of the inventoried value thereof the defendant had refused to pay the same; that the partnership notes and accounts still unpaid amounted to $2,101.50, and that one-half interest was sufficient to pay defendant the item of one hundred and thirty dollars and the profits for the year 1898, mentioned in said contract. The prayer was for judgment for $2,071.65, plaintiff's one-half interest in said partnership real property, and for the appointment of a receiver to take charge of said partnership notes and accounts, etc.

The answer admitted that the plaintiff and defendant entered into the contract set out in the petition, and that the plaintiff had delivered his one-half interest in the partnership personal property to defendant, but denied all the other allegations of the petition. There was a trial resulting in a finding and decree for defendant, and from the latter the plaintiff has appealed.

It is disclosed by the testimony of the plaintiff, which is uncontradicted, that the defendant has paid the plaintiff the full inventory value of one-half of all the partnership personalty, except the notes and accounts. The defendant, by the terms of the contract, as has been seen, was not required to pay the plaintiff for any part of his one-half of the partnership property until the amount required to discharge the partnership debts were deducted from the aggregate inventory value of the partnership real property, and until the said one hundred and thirty dollars and the partnership profits of 1898 were deducted from the inventoried value of the plaintiff's one-half interest in said partnership real estate. It is thus seen that in effect the plaintiff's interest in the inventoried value of the partnership property, after the deduction of the partnership debts, was one-half thereof,

diminished by the said one hundred and thirty dollars and the partnership profits of 1898.

But even though the deductions had been made from the total amount of the inventory, and the one-half of the actual amount remaining and due plaintiff had been ascertained in accordance with the contract, still the defendant was not required to pay the plaintiff the amount so ascertained to be due him until the latter executed and delivered to the former the deed called for by the terms of the contract.    It does not appear from the testimony that the plaintiff before the commencement of his suit delivered or even tendered to the defendant the kind of deed specified in the contract, or, indeed, any deed whatever.    It is true that it is alleged in the petition that the plaintiff had, before the commencement of his suit, made such tender; but the testimony does not support such allegation.    This allegation was essential and being denied it devolved upon the plaintiff to make proof thereof.    The bringing the deed into court and tendering it with his testimony was not sufficient under the pleadings.    Until the plaintiff tendered the defendant the deed he was in default himself in complying with the contract.    He was, so far as the record discloses, so in default at the time of the commencement of the suit and so continued until the trial.    His cause of action had not ripened and was not due at the time of the commencement of his suit.    It was therefore prematurely instituted.

If a proper suit shall hereafter be brought no reason is seen why the plaintiff may not be entitled to the relief demanded in the present suit or to some relief.    Under the contract he has turned over to the defendant his entire interest in all the real and personal property of the partnership except the notes and accounts; and while he has been paid for the personal property, he has not been paid anything for his interest in the realty.    He ought to recover

the inventory value of the real estate, diminished by the said one hundred and thirty dollars, and the partnership profits for the year 1898. The amount of such partnership profits would be the net amount thereof shown after deducting all losses and any proper expenses incident to the partnership business of that year.

Nor is any reason seen why the court, in the exercise of its inherent chancery power, could not with propriety appoint a receiver to take charge of and collect the outstanding partnership notes and accounts. The parties, it seems, can not make any agreement between themselves for the collection. The interest of the partnership requires that such debts be collected and the proceeds divided between the partners as provided in the contract. This can only be accomplished by the court through a receiver.

These remarks are made for the reason that it is presumed that the plaintiff will bring another suit against defendant on the contract.

Because the action was prematurely brought, we think the demurrer to the evidence was properly sustained; and accordingly the decree will be affirmed. *Ellison, J.*, concurs; *Gill, J.*, absent.